THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:05-cr-00031-MR-WCM-4

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JERRY LEE MOORE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court the Defendant's letter, which the Court construes as a motion for compassionate release [Doc. 300]. The Government opposes the Defendant's motion. [Doc. 303]. The Defendant has filed a reply. [Doc. 304].

**I.    BACKGROUND**

In April 2006, the Defendant Jerry Lee Moore was convicted of one count of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Doc. 113]. The Court sentenced the Defendant to 154 months' imprisonment, which was later reduced to 120 months. [Id.; Doc. 226]. Upon completion of his term of imprisonment, the Defendant was serving a term of supervised release, which was revoked for the Defendant committing new law violations entailing

a return to the distribution of controlled substances. [Doc. 285]. He was sentenced to a term of imprisonment of 30 months. [Id.].

The Defendant is currently serving his sentence with the Bureau of Prisons (BOP) at FMC Lexington. According to the Bureau of Prisons website, his projected release date is October 2, 2020.[1] The Defendant now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 300]. Specifically, the Defendant argues that his underlying health conditions place him at a higher risk for severe illness from COVID-19, and that his particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction to time served. [Id.].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

---

[1] See https://www.bop.gov/inmateloc/ (last visited Sept. 11, 2020).

warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

In response to the Defendant's motion, the Government concedes that the Defendant appears to have exhausted his available administrative remedies. Accordingly, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2] See

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that the policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well.

3

U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The application note to § 1B1.13 specifies the types of circumstances that qualify as "extraordinary and compelling reasons." First, the defendant's medical condition can qualify as a basis for relief if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia," U.S.S.G. § 1B1.13, cmt. n.1(A)(i). The defendant's medical condition can also qualify as an extraordinary and compelling reason if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a

4

> correctional facility and from which he or she is not
> expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

Here, the Defendant asserts that his underlying health conditions—including high blood pressure, stage two chronic kidney disease, and pre-diabetes—place him at a higher risk for severe illness resulting from COVID-19.[3] The Government does not dispute that these conditions constitute serious medical conditions, although it appears from a review of the Defendant's medical records that these conditions are being managed and are well-controlled. [See Doc. 300-1 at 4]. Nevertheless, the Government argues that an early release remains unwarranted. [Doc. 303].

Under the applicable policy statement, the Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its

---

[3] The Defendant further contends that FMC Lexington has 284 cases and 7 deaths due to COVID-19, implying that the current conditions at the prison are poor. [See Doc. 300 at 1]. While there have been eight deaths from the virus at FMC Lexington, the most recent data from the BOP indicate that the facility currently has only 1 active case among the inmate population and none among staff, and that 211 inmates and 13 staff members have recovered. See http://www.bop.gov/coronavirus (last visited Sept. 11, 2020).

analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant's criminal history and prior performance while under supervision indicate that he is not appropriate for early release. The Defendant was convicted of participating in a drug conspiracy during which he sold crack cocaine directly to confidential informants on multiple occasions. [Doc. 140: PSR at 5-9]. The amount of crack cocaine attributed to Defendant was between 50 and 150 grams, but the PSR noted that he could be held accountable for over 21 kilograms of crack cocaine. [Id. at 9]. The Defendant has an extensive criminal history, resulting in a criminal history category of III, including a prior state conviction for assaulting a Shelby Police Department officer with his vehicle during a traffic stop. [Id. at 13]. He also has a history of non-compliance with court supervision. While on state probation for the above-described assault conviction, he violated the terms of his supervision in a multitude of ways, including: failing to report as required, failure to maintain or prove suitable employment, curfew violations, refusing to consent to searches by the probation officer, failing to notify probation of a change of address, new law violations, and multiple positive drug screens. [Id.]. While he was on bond for his federal drug trafficking

charge, the Defendant tested positive for cocaine and was again arrested for possessing and selling cocaine. [Docs. 83, 84]. After serving his federal sentence, the Defendant violated his supervised release in numerous ways, including: frequenting a location where controlled substances were maintained (his mother's home), failing to notify his probation officer of an address change, and violating the law by possessing and distributing marijuana (including, on two occasions, to a confidential informant in a Shelby Police Department investigation). [Doc. 277].

The Defendant's extensive criminal history reflects an inability to conform his conduct to the law and a refusal to respect the authority of the Court. In light of these circumstances, the Court finds that reducing the Defendant's prison sentence would reduce the capacity of that sentence to reflect the seriousness of the Defendant's offense, would fail to promote respect for the law, and would fail to promote just punishment. Thus, even if Defendant's medical conditions presented an extraordinary circumstance, the Court in its discretion denies the Defendant's request for compassionate release.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for compassionate release [Doc. 300], is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 14, 2020

Martin Reidinger
Chief United States District Judge